IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02113-BNB

FELIBERTO SANCHEZ,

     Plaintiff,

v.

DAVE BOOTH,
ROBIN BURKETT,
TIMMARIE D. BALLARD, and
OFFICER WERTH,

     Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

     Plaintiff, Feliberto Sanchez, is in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Plaintiff initiated this action by filing *pro se*, a Prisoner Complaint pursuant to 42 U.S.C. § 1983. Subsequently, he filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  On August 27, 2014, the Court granted Plaintiffs § 1915 Motion.

     The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be directed to file an Amended Complaint.

     The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to

conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN,*

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the

grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought."

The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach

allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1)

underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Prolix, vague, or unintelligible pleadings violate Rule 8.

        Claims must be presented clearly and concisely in a manageable format that

allows a court and a defendant to know what claims are being asserted and to be able

to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d

881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all

that is permissible, if the complaint concisely states facts upon which relief can be

granted upon any legally sustainable basis."  *Id.*

        The Court has reviewed Plaintiff's Complaint and finds that Plaintiff fails to

provide a short and plain statement of his claims in compliance with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure.  In Claim One, Plaintiff

does not state a specific claim with supporting facts.  He only restates 42 U.S.C.

§ 12101, the federal statute addressing discrimination under the Americans with

Disabilities Act (ADA).  Claim Three is titled "Mental and Physical Anguish" and is a definition of damages based on mental suffering and, like Claim One, fails to state a specific claim with supporting facts.  Finally, Plaintiff fails to assert any claim against Defendant Burkett.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also is required to assert personal participation by each named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Plaintiff asserts participation by some defendants in his claims but not by all named defendants.

Furthermore, a defendant may not be held liable for the unconstitutional conduct

of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*,

556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at

677).  Therefore, in order to succeed in a § 1983 suit against a government official for

conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege

and demonstrate that "(1) the defendant promulgated, created, implemented or

possessed responsibility for the continued operation of a policy that (2) caused the

complained of constitutional harm, and (3) acted with the state of mind required to

establish the alleged constitutional deprivation."  *Id.* at 1199.

Plaintiff also cannot maintain claims against prison officials or administrators on

the basis that they denied his grievances.  The "denial of a grievance, by itself without

any connection to the violation of constitutional rights alleged by plaintiff, does not

establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063,

1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193

(10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone

is insufficient to establish personal participation in the alleged constitutional violations.")

(internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No.

02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending

"correspondence [to high-ranking prison official] outlining [a] complaint . . . without more,

does not sufficiently implicate the [supervisory official] under § 1983").

4

The Court further finds that the Complaint improperly combines a number of separate and unrelated claims against different defendants.  Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  However, the issue of whether multiple defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) **Defendants**.  Persons . . . may be joined in one action as defendants if:
>
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Plaintiff has identified three different incidents.  The incidents involve the alleged actions of various defendants and raise a range of issues as folllows: (1) excessive force; (2) taking of property; (3) and ADA discrimination.  Plaintiff may not join separate and unrelated incidents against multiple defendants based on a conclusory statement of retaliation.  *See Gillon v. Fed. Bureau of Prisons, et al.*, 424 F. App'x 722, 725-26 (10th Cir. 2011) (finding that plaintiff could not join separate and unrelated claims arising out of different incidents based on an "overarching" allegation of retaliation).

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  "Misjoinder of

5

parties is not a ground for dismissing an action."  Fed. R. Civ. P. 21.  Instead, " '[t]o remedy misjoinder, . . . the court has two remedial options:  (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately.' "  *Nasious v. City and County of Denver*, 415 F. App'x 877, 881 (10th Cir. 2011) (quoting *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)).  Nonetheless, the Court will refrain from dropping or severing parties at this time because Plaintiff must submit an Amended Complaint that complies with Rule 8 and the joinder requirements of the Federal Rules of Civil Procedure.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order within the time allowed, the Court may dismiss the Complaint and action without further notice.

DATED August 28, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge