IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02113-BNB

FELIBERTO SANCHEZ,

     Plaintiff,

v.

DAVID BOOTH,
TAMMARIE D. BALLARD, and
OFFICER WERTH,

     Defendants.

_____

ORDER TO DISMISS IN PART AND TO DRAW IN PART
_____

Plaintiff, Feliberto Sanchez, is in the custody of the Colorado Department of

Corrections at the Sterling Correctional Facility in Sterling, Colorado.  He initiated this

action by filing *pro se* a Prisoner Complaint alleging a deprivation of his constitutional

rights pursuant to 42 U.S.C. § 1983.  Plaintiff also has been granted leave to proceed *in

forma pauperis* pursuant to 28 U.S.C. § 1915.

On August 28, 2014, Magistrate Judge Boyd N. Boland directed Plaintiff to

amend the Complaint and comply with Rule 8 and the joinder requirements of the

Federal Rules of Civil Procedure.  Specifically, Plaintiff was directed to state how each

named defendant personally participated in the alleged violation.  Plaintiff also was

informed that supervisors are not responsible for their subordinates' actions and no

claim can be made against a prison official or administrator on the basis that they

denied Plaintiff's grievance.  Plaintiff filed an Amended Complaint on September 24,

2014.

The Court construes the Amended Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court will dismiss this action in part, for the reasons stated below.

In the Amended Complaint, Plaintiff asserts four claims. First, in the Nature of the Case section of the Amended Complaint, Plaintiff asserts that he has a severe disability because he cannot read or write. Plaintiff further alleges that because of this disability he is not able to participate in the "T.C. program" and that Defendants David Booth and Tammarie D. Ballard, who are instructors in the program, have requested that Plaintiff be placed on Restricted Privileges (RP) for nonparticipation. Am. Compl., ECF No. 8, at 3. Plaintiff contends that he is being discriminated against due to his disability and has no legal recourse. Plaintiff does not state how his rights were violated; he asserts only that he is being discriminated against because he is unable to read and write.

Second, Plaintiff asserts that Defendant Werth used excessive force against him when he placed Plaintiff in handcuffs and tried to pick Plaintiff up by his thumbs in an effort to break Plaintiff's thumbs. Plaintiff also asserts that during the time Defendant Werth had Plaintiff in handcuffs there was a disruption taking place in the kitchen, but Plaintiff denies being part of the disruption.

Third, Plaintiff appears to challenge a state court proceeding during which it was determined Plaintiff should pay $45 for the "total cost for the D.O.C. officers [sic] time." Plaintiff's claims regarding the state court proceeding are convoluted and difficult to understand. The Court, however, has determined the following. A few days prior to

2

Plaintiff's appearance date in state court regarding his ADA lawsuit he was transferred to another facility so that he was unable to testify regarding his disabilities and to obtain the help that he needs.  Plaintiff further asserts that more than $45 has been taken from his account, apparently for the costs the DOC incurred for an officer's time.  Plaintiff does not state why he was responsible for paying the cost of an officer's time, but he asserts that taking the money is theft under Colo. Rev. Stat. § 18-4-401.

Finally, Plaintiff asserts that he is in fear of physical retaliation and further reclassification based on his inability to read and write and for suing DOC staff.  Plaintiff seeks money damages.

The excessive force claim will be ordered drawn to a presiding judge and, if appropriate, to a magistrate judge.

The discrimination claim is construed as an equal protection claim and will be dismissed.  The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws," U.S. Const. amend. XIV, § 1.  When considering an equal protection claim, the Court applies a rational basis test if "the challenged government action does not implicate either a fundamental right or a protected class."  *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1110 (10th Cir. 2008).  The basic premise of the Equal Protection Clause is that all similarly situated persons should be treated alike by state actors.  *See City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985).  To prevail on an equal protection claim, a plaintiff must show that the government has treated him differently than others who were similarly situated.  *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

Plaintiff does not assert a fundamental right or differential treatment based on a

suspect classification.  Disability is not a suspect classification for equal protection purposes, *see Whitington v. Moschetti*, 42 F. App'x 767, 770 (10th Cir 2011), and the Supreme Court has held that education "is not among the rights afforded explicit protection under our Federal Constitution.  Nor . . . . [is there] any basis for saying it is implicitly so protected."  *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973).   Plaintiff, therefore, must assert that defendants have treated him differently than others who are similarly situated and that the distinction was not reasonably related to some legitimate penological purpose.  *See Gwinn v. Awmiller*, 354 F.3d 1211, 1228 (10th Cir. 2004) ("absent an allegation of a suspect classification, our review of prison officials' differing treatment of various inmates is quite deferential" and only whether the treatment was "reasonably related to a legitimate penological purpose" is considered).

The requirement to show that an inmate is similarly situated is demanding.  *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) ("[I]t is "clearly baseless' to claim that there are other inmates who are similar in every relevant respect.") (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  Furthermore, because inmate classification is discretionary it is not plausible that inmates are similar in every relevant respect for the purpose of equal protection claims.  *See Fogle v. Pierson*, 435 F.3d 1252, 1261 (10th Cir. 2006).  "Absent a threshold showing that [Plaintiff] is similarly situated to those who allegedly receive favorable treatment, [he] does not have a viable equal protection claim."  *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994). Based on his disability, Plaintiff fails to make a threshold showing that he is similarly situated to the inmates who are allowed to participate in the T.C. program.

Even if the inmates participating in the T.C. program are similarly situated to

inmates who either have elected not to participate or were denied the opportunity to do so, Plaintiff is required to assert that his treatment was not reasonably related to some legitimate penological purpose.  Prison officials have considerable discretion in placement decisions, and Plaintiff is unable to assert that his denial of or removal from the T.C. Program and possible reclassification to RP status was unreasonable.  *See Hornsby v. Jones*, 188 F. App'x 684, 690 (10th Cir. 2006) (citing *Fogle*, 435 F.3d at 1261).  There is a presumption in favor of the validity of prison officials' disparate treatment.  *See Hill v. Pugh*, 75 F. App'x 715, 720 (10th Cir. 2003).

Plaintiff's discrimination claim is conclusory and does not support a plausible claim for relief based on a denial of  Plaintiff's equal protection rights.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The equal protection claim is subject to dismissal as legally frivolous.

In the original Complaint, however, Plaintiff identifies 42 U.S.C. § 12101, or the Americans with Disabilities Act (ADA) as a basis for his discrimination claim.  The Court must construe the Complaint liberally and finds that Plaintiff may intend to raise an ADA claim in this action.

Nonetheless, the ADA claim will be dismissed.  Title II authorizes suits by private citizens for money damages against public entities.  *See Guttman v. Khalsa*, 669 F.3d 1101 (10th Cir. 2012).  Under 42 U.S.C. § 12131(1)(B), a public entity is defined as "any department, agency, special purpose district, or other instrumentality of a State or States or local government."  Plaintiff, however, cannot maintain an ADA claim against individual defendants in their individual capacities because the statute does not impose individual liability.  *See Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999).  Plaintiff does not assert that he is suing any named defendant in his or her

official capacity.  "The ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." *See id.*  Defendants Dave Booth and Timmarie D. Ballard, teachers in the T.C. program, do not qualify as an employer and do not act in an official capacity concerning Plaintiff's placement in RP status.  The ADA claim will be dismissed as legally frivolous.

The theft and retaliation/discrimination claims also will be dismissed.  Magistrate Judge Boland directed Plaintiff to assert personal participation by each named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Plaintiff was told that to establish personal participation he must show in the Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between an alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Plaintiff has failed to assert personal participation by named Defendants in both the theft claim and the retaliation/discrimination claim.  The Court, therefore, will dismiss these claims because Plaintiff has failed to comply with a Court order and to prosecute.  Accordingly, it is

ORDERED that the theft and retaliation/discrimination claims are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a Court order and for failure to prosecute.  It is

FURTHER ORDERED that the ADA and equal protection claims asserted against Defendants David Booth and Tammarie D. Ballard are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(B)(2)(i).  It is

6

FURTHER ORDERED that the excessive force claim asserted against Defendant Werth is ordered drawn to a presiding judge and if appropriate to a magistrate judge.  It is

FURTHER ORDERED that Plaintiff's request for appointed counsel, ECF No. 7, is denied as premature.

DATED at Denver, Colorado, this __9th__ day of ___October_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court