IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02113–RM–KMT

FEILBERTO SANCHEZ,

    Plaintiff,

v.

OFFICER WERTH,

    Defendant.

---

## ORDER

---

This matter is before the court on Plaintiff's "Motion of Recuse" (Doc. No. 18) filed December 16, 2014. Plaintiff requests that I recuse myself because of "outward manifestation of bias which is substantiated by facts of record not based on mere assumptions regarding Mr. Sanchez's education." (*Id.* at 1.)

The relevant statute, 28 U.S.C. § 455, requires a judge to recuse herself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). Proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias. *Id.*; *Salt Lake Tribune Publishing Co. v. AT & T Corp.*, 353 F.Supp.2d 1160, 1172 (D. Utah 2005). On the other hand, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United*

*States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982); *see also Bryce*, 289 F.3d at 659.  Rather, "[d]isqualification for lack of impartiality must have a *reasonable* basis."  *See Jackson v. Fort Stanton Hospital and Training School*, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R.Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original).  "In the recusal context, the reasonable person standard contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'"  *United States v. Evans*, 262 F.Supp.2d 1292, 1294 (D. Utah 2003) (footnote and citation omitted).  A "judge should not recuse himself on unsupported, irrational, or highly tenuous speculation."  *Hinman v. Rogers*, 831 F.2d 937, 939-40 (10th Cir.1987) (citation omitted).  Conclusions, opinions, and rumors are not a sufficient basis for recusal.  *Davis v. Commissioner*, 734 F.2d 1302, 1303 (8th Cir. 1984) (cited in *Hinman v. Rogers* 831 F.2d 937, 940 (10th Cir. 1987).

Plaintiff has shown no basis, much less a reasonable basis, for questioning my impartiality in this matter.  Again, recusal is required if a reasonable person, knowing all the facts, would harbor doubts about my impartiality.  *Bryce*, 289 F.3d at 659.  To the extent plaintiff believes adverse rulings show bias, "adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification."  *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992).  Accordingly,

Plaintiff's "Motion of Recuse" (Doc. No. 18) ) is **DENIED**.

Dated this 22nd day of December, 2014.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge