**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-02113-RM-KMT

FELIBERTO SANCHEZ,

Plaintiff,

v.

OFFICER WERTH,

Defendant.

___

**ORDER DENYING
"MOTION TO APPEAL COURT['] S ILLEGAL AND WRONGFUL DECISION UNDER
28 U.S.C. 2201 AND 2202 AND UNDER RULE 65 FED. R. CRIM. P."  (ECF NO. 21)**
___

THIS MATTER is before the Court on Plaintiff's "Motion to Appeal Courts illegal and Wrongful Decision Under 28 U.S.C. 2201 and 2202 And under rule 65 Fed. R. Crim. P." ("Motion") (ECF No. 21), appealing alleged "biased decisions" by this court.  Plaintiff appears *pro se*; therefore, the Court reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972*); see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted).  As there has been no final judgment in this case, and Plaintiff's Motion is seeking relief before this Court, and not the United States Court of Appeals for the Tenth Circuit, the Court construes Plaintiff's Motion as an objection to, and/or a request for reconsideration of, orders previously issued in this case.  Upon consideration of Plaintiff's Motion and the previous orders, the Court finds no basis to reconsider or otherwise overturn those orders.

First, to the extent Plaintiff is requesting reconsideration of Senior District Judge Lewis T. Babcock's October 9, 2014, Order ("First Order") dismissing certain defendants and claims (ECF No. 9), Plaintiff's earlier filed "Motion to Correct Corrupt (illegal) ruling" (ECF No. 13) was construed as such a request and denied by Order dated November 10, 2014 ("Second Order") (ECF No. 15) by Magistrate Judge Kathleen M. Tafoya.  Having failed to show reconsideration is warranted, *see Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (setting forth grounds warranting a motion to reconsider), the First Order will not be reconsidered further.

Second, to the extent Plaintiff is challenging the Magistrate Judge's Second Order, Plaintiff has failed to set forth facts, allegations, or arguments to show any error in that order.

Third, to the extent Plaintiff is challenging the Magistrate Judge's December 22, 2014, Order ("Third Order") (ECF No. 20) denying Plaintiff's "Motion of Recuse" (ECF No. 18), the bare assertion that decisions are "biased" is insufficient.  Nonetheless, the Court has independently reviewed the case file and finds no evidence that prior decisions were the product of actual bias, or that suggests there is an appearance of bias.  *See* 28 U.S.C. § 455; *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).  The Court recognizes, however, that Plaintiff's Motion of Recuse was also filed under 28 U.S.C. § 144, which provides that when a party "makes and files a timely and sufficient *affidavit* that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further…."  (Emphasis added.)  In this case, however, no affidavit or its equivalent was filed with Plaintiff's motion.  In summary, the Court finds no basis for the recusal of the Magistrate Judge.

Finally, in essence, Plaintiff also appears to contend he has sufficiently alleged claims against certain individuals at the Sterling Correctional Facility, and, indeed, requests judgment and relief in his favor. Whether Plaintiff has sufficiently alleged any claim, however, is the subject of Defendant's Motion to Dismiss (ECF No. 16) and may be determined once that motion is decided. It is therefore

**ORDERED** that Plaintiff's "Motion to Appeal Courts illegal and Wrongful Decision Under 28 U.S.C. 2201 and 2202 And under rule 65 Fed. R. Crim. P." is **DENIED**.

DATED this 30th day of March, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge