IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–02113–RM–KMT

FEILBERTO SANCHEZ,

    Plaintiff,

v.

OFFICER WERTH,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Kathleen M. Tafoya

This matter is before the court on "Defendant Werth's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 8)" (Doc. No. 16 [Mot.], filed December 16, 2014). Plaintiff did not file a response.

### STATEMENT OF CASE

Plaintiff, proceeding *pro se*, is a prisoner incarcerated in Colorado Department of Corrections ("CDOC"), housed at the Sterling Correctional Facility ("SCF"). (*See* Doc. No.8 [Am. Compl.], filed September 24, 2014.) Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983, alleging that Defendant Werth violated his Eighth Amendment rights.[1] Specifically, Plaintiff alleges that Defendant "used excessive force… [when he] tried to pick [Plaintiff] up by [his]

---

[1] Plaintiff's other claims have been dismissed. (*See* Doc. No. 9, Order to Dismiss in Part and to Draw in Part, at 7.)

thumbs" while Plaintiff was restrained. (Doc. No. 8 [Am. Compl.] at 4.) Plaintiff seeks $102,000.00 in damages and a "restraining order" against Defendant Werth. (*Id.* at 9.)

Defendant moves to dismiss Plaintiff's Amended Complaint.

## LEGAL STANDARDS

### *1.* Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### 2. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir.

1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (citation omitted).

## ANALYSIS

*1.   Statute of Limitations*

Defendant argues Plaintiff's claims are barred by the two-year statute of limitations set forth in Colorado Revised Statute § 13-180-102.  (Mot. at 3-4.)

The applicable statute of limitations on claims under § 1983 is determined by state law, and Colorado's residual two-year limitations period applies to this case. *Blake v. Dickason*, 997 F.2d 749, 751 (10th Cir. 1993); Colo. Rev. Stat. § 13-80-102(i).  The question of when a cause of action accrues and when the limitations period accordingly begins to run is governed by federal law, which provides that "[a] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action*." Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (quotations omitted).  Thus, a § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* (quotations omitted).

Here, Plaintiff alleges Defendant violated his Eighth Amendment rights by the application of excessive force.  (*See* Doc. Nos. 1 and 8.)  Although Plaintiff fails to specify the date on which Defendant Werth allegedly applied excessive force, Plaintiff states in his Amended Complaint that he previously filed suit regarding these same allegations.  (*Id.* at 8 [previous case number "11S43" filed against Officer Werth]).  Indeed, on December 8, 2011, Plaintiff sued Defendant Werth for excessive force, alleging damages to Plaintiff's hand and thumb, in Case Number 11S43 in the Logan County Small Claims Court.  (*See* Mot., Attachs. 1 & 4.[2])

It is clear that Plaintiff knew or had reason to know of the injury that is the basis of his claim in this case, at the latest, on December 8, 2011, when he filed his case in Logan County Small Claims Court.  *Smith*, 149 F.3d at 1154.  Thus, in order for his claim against Defendant Werth to fall within the applicable two year statute of limitations, he must have filed his case in this Court no later than December 8, 2013.  Plaintiff filed his initial prisoner complaint in this Court on July 30, 2014—over seven months after the statute of limitations had run.  (*See* Doc.

---

[2] Generally, if the court considers matters outside the pleadings, the court must convert a motion to dismiss into a motion for summary judgment.  *See* Fed. R. Civ. P 12(d); *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005).  A court may, however, appropriately consider matters that are subject to judicial notice without having to treat a motion to dismiss as a motion for summary judgment.  *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006)(noting that "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.") (citations omitted).  Matters subject to judicial notice include facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201.  The court will take judicial notice of the documents filed in the Colorado courts.  *In re Winslow*, 186 B.R. 716, 721 (D. Colo. 1995) (citing *St. Louis Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)) (court properly may take judicial notice of its own records and those of other courts.).

No. 1.) Therefore, the court agrees that the statute of limitations bars Plaintiff's claims against Defendant Werth in this case.

## CONCLUSION

Based on the foregoing, this court respectfully

**RECOMMENDS** that "Defendant Werth's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 8)" (Doc. No. 16) be GRANTED, and that his claims against Defendant Werth be dismissed for failure to state a claim upon which relief can be granted.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 4th day of September, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge